STEPHENSON et al. v. ASSOCIATED EMPLOYERS' RECIPROCAL.   (No. 1153.)

(Court of Civil Appeals of Texas.   Beaumont.
Nov. 20, 1924.)

Master and servant ⟨key⟩417(4½)—Allegations of notice of intent not to abide by Industrial Board's ruling denying compensation held sufficient.

Allegations of petition to set aside Industrial Accident Board's order, denying compensation for death of employee, as to giving of notice, required by Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, to defendant insurer, of plaintiffs' intention not to abide by board's ruling, held sufficient.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Suit by Mrs. Minnie Stephenson and husband against the Associated Employers' Reciprocal to set aside order of Industrial Accident Board denying compensation for death of Charles Holman, employee.   Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

S. M. Johnson and Howth & O'Fiel, all of Beaumont, for appellants.
A. L. Calhoun, of Beaumont, and King & Battaile, of Houston, for appellee.

O'QUINN, J.   Mrs. Minnie Stephenson, joined by her husband, filed this suit in the

district court of Jefferson county, Tex., to set aside a final order of the Industrial Accident Board made on August 2, 1921, denying compensation claimed by Mrs. Stephenson because of the death of Charles Holman, brother to Mrs. Stephenson. Mrs. Stephenson's pleading, on which she went to trial, made all the usual and necessary allegations to show cause of action for the death of an employee occurring through accident in the course of his employment, and alleged that she was entitled to recover by reason of her being a dependent sister of deceased.

Appellee answered by general demurrer, general denial, and special pleas to the jurisdiction of the court (1) "for the reason that it appears from said petition that plaintiffs have not performed those duties precedent to the right to maintain such action, to wit, the service of personal notice upon this defendant of the intention of plaintiff, Minnie Stephenson, or her husband, not to abide by the finding of the Industrial Accident Board, referred to in plaintiffs' petition, as required by article 5246—44, Vernon's Civil Statutes;" and (2) "that said petition is insufficient because it appears therefrom that this court is without jurisdiction to try this cause for the reason that no notice of the intention of the plaintiffs not to abide by the final judgment of the Industrial Accident Board, as required by law, was given to this defendant, all of which appears affirmatively from plaintiffs' said petition."

The court sustained appellee's pleas to the jurisdiction of the court to hear and determine the cause, and rendered judgment accordingly, to which action of the court appellants excepted, and from which judgment they have appealed.

The only question is whether plaintiffs' petition alleged notice given to appellee of their intention not to abide by the final ruling of the Industrial Accident Board, as required by law.

Plaintiffs' petition alleged that within 20 days after the Industrial Accident Board made its final ruling, she gave notice in writing to the Industrial Accident Board and to appellee that she was dissatisfied with said final ruling, and that she did not consent to and would not abide by said ruling, and that she would file suit in some court of competent jurisdiction to set aside said ruling, and that within 20 days after the giving of said notice she did file this suit for said purpose. She further alleged in said petition that the said notice of her dissatisfaction with said award or ruling was in writing, signed by her and her attorney, and inclosed in an envelope bearing the return card of her attorney, and that same was sent by registered mail, with the proper amount of postage placed thereon, correctly addressed to appellee at Fort Worth, Tex., and to the Industrial Accident Board at Austin, Tex., and that same was duly deposited in the United States post office at Beaumont, Tex.; that said registered letters containing said notice in writing so addressed were duly delivered to appellee and its servants and agents, acting for it, in person, and to the Industrial Accident Board and its servants and agents, acting for it, in person, and were received by appellee and the Industrial Accident Board, and that each duly signed return receipts for same, and that said written notice so sent to and received by appellee was in the possession of appellee, and that it was thereby given notice to produce same upon the trial of the case, or secondary evidence would be offered by appellants to prove same.

The court erred in sustaining the plea to the jurisdiction. The allegations as to the giving of notice were sufficient.

The judgment is reversed, and the cause remanded.